1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

**GORDON MEADOR,**                                    **1:05-cv-0168-AWI-SMS-P**

12

                    **Plaintiff,**                          **ORDER DISMISSING ACTION**

13      **vs.**

14      **CHIEF MEDICAL OFFICER**
        **DR. TATE, et al.,**

15

                    **Defendants.**

16      _____/

17
18          On February 7, 2005, plaintiff Gordon Meador ("plaintiff"), a state prisoner proceeding

pro se, filed a motion for a preliminary injunction.  In this motion, plaintiff, who is presently

19
incarcerated at California Correctional Institution in Tehachapi, contended that he needs surgery,

20
a proper diet, and a transfer to Pleasant Valley State Prison, which has a Central Treatment

21
Center.

22
            On February 18, 2005, the court denied Plaintiff's motion for a preliminary injunction.

23
The court explained that because the court does not have a complaint before it, it has no power to

24
issue an injunction.  In addition, the court determined that even assuming plaintiff would set

25
forth the same contentions in a complaint, plaintiff has not met his burden of demonstrating a fair

26
chance of success on the merits of an Eighth Amendment Claim.   The court informed Plaintiff

27
that this action may not proceed without a complaint on file.    The court then gave Plaintiff the

28

1

1   opportunity to file a complaint within thirty days.   In addition, the court informed Plaintiff that

2   this action could not proceed unless plaintiff either pays the $250.00 filing fee in full or files an

3   application to proceed in forma pauperis.   The court ordered Plaintiff within thirty (30) days to

4   either: (a) file a complaint and pay the filing fee in full or file an application to proceed in forma

5   pauperis; or (b) file a notice of voluntary dismissal.  The court warned Plaintiff that failure to

6   comply with this order would result in the closure of this file.

7       Over thirty days have passed and plaintiff has not filed a complaint or otherwise notified

8   the court on how he wishes to proceed in this action.

9       A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

10   action or failure to obey a court order.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

11   Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).   In

12   determining whether to dismiss an action for lack of prosecution or failure to obey a court order

13   the court must consider several factors, including: (1) the public's interest in expeditious

14   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

15   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

16   availability of less drastic alternatives.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik,

17   963 F.2d at 1260-61.

18       No complaint is currently on file in this action, and this case cannot proceed with a

19   complaint on file.   The court cannot manage its docket if it maintains cases in which a plaintiff

20   fails to keep an operative complaint on file by filing a complaint.  The public's interest in the

21   expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the

22   court's limited resources may be spent on cases in which the litigant is actually proceeding.

23   Public policy favoring disposition of cases on their merits also has little or no weight in actions

24   where the plaintiff lacks enough of an interest to file a complaint.   The public and the court have

25   no interest in determining the truth or falsity of the allegations that plaintiff might raise in an a

26   complaint if Plaintiff never files a complaint.   The risk of prejudice to defendant also weighs in

27   favor of dismissal because a presumption of injury arises from the occurrence of unreasonable

28   delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.  The court expressly warned plaintiff that to file an amended complaint would result in this action's dismissal.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED, without prejudice, for plaintiff's failure to obey the court's order of February 18, 2005.


IT IS SO ORDERED.

**Dated:    May 2, 2005**                              **/s/ Anthony W. Ishii**
0m8i78                                      UNITED STATES DISTRICT JUDGE